FILED

2012 Sep-07  PM 12:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERRY ROANE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CASE NO:  2:12-CV-02704-KOB** |
| | ) | |
| **LVNV FUNDING, LLC,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

## ANSWER

COMES NOW the Defendant, LVNV Funding, LLC, by and through counsel, and Answers the Complaint in this matter as follows:

1.      The Defendant denies any violation of the Fair Debt Collection Practices Act or of Alabama state law.  The Defendant has insufficient information at this stage to admit whether this is a consumer debt.  All material averments are denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Admitted.

## Jurisdiction

7.      The Defendant does not contest personal jurisdiction.

8.     The Defendant does not contest subject matter jurisdiction though it denies the amount in controversy is in excess of $75,000.00.

## Venue

9.     The Defendant has insufficient information to admit the Plaintiff's place of residence and therefore venue may be improper.

## Parties

10.     The Defendant has insufficient information to admit or deny the Plaintiff's place of residence or that the Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.     The Defendant admits it is a foreign corporation that, at times, acts as a debt collector.   The Defendant denies the footnote in this averment is sufficient to state a claim or cause of action.

## Background Information on Debt Buyer Lawsuits in Alabama

12.     The averments in this portion of the Complaint are alternatively argumentative, require the Defendant to admit or deny the state of mind of third parties, and otherwise pertain to the Plaintiff's perception of an industry that Plaintiff holds in disregard.  For these reasons, a specific admission or denial is virtually impossible.  To the extent these averments state a claim or cause of action against the Defendant, the Defendant denies any illegal conduct.

13.     Please see the reply to Averment 12.

14.     Please see the reply to Averment 12.

15.     Please see the reply to Averment 12.

{W0331389.1 }

16.     Please see the reply to Averment 12.

17.     Please see the reply to Averment 12.

18.     Please see the reply to Averment 12.

19.     Please see the reply to Averment 12.

20.     Please see the reply to Averment 12.

21.     Please see the reply to Averment 12.

22.     Please see the reply to Averment 12.

23.     Please see the reply to Averment 12.

24.     Please see the reply to Averment 12.

25.     Please see the reply to Averment 12.

26.     Please see the reply to Averment 12.

27.     Please see the reply to Averment 12.

28.     Please see the reply to Averment 12.

29.     Please see the reply to Averment 12.

30.     Please see the reply to Averment 12.

31.     Please see the reply to Averment 12.

32.     Please see the reply to Averment 12.

33.     Please see the reply to Averment 12.

34.     Denied.

## **Recognition of the Widespread Abuse by Collectors**

35.     The Defendant pleads the contents of the FDCPA are the best evidence of its meaning and intentions, and denies any relationship between the Congressional findings, as described by the Plaintiff, and the action of the Defendant, as alleged by the Plaintiff, to the extent that is what is implied by this paragraph.

36.     The Defendant pleads the contents of the FDCPA are the best evidence of its meaning and intentions, and denies any relationship between the Congressional findings, as described by the Plaintiff, and the action of the Defendant, as alleged by the Plaintiff, to the extent that is what is implied by this paragraph.

37.     The Defendant pleads the contents of the FDCPA are the best evidence of its meaning and intentions, and denies any relationship between the Congressional findings, as described by the Plaintiff, and the action of the Defendant, as alleged by the Plaintiff, to the extent that is what is implied by this paragraph.

38.     The Defendant pleads the contents of the FDCPA are the best evidence of its meaning and intentions, and denies any relationship between the Congressional findings, as described by the Plaintiff, and the action of the Defendant, as alleged by the Plaintiff, to the extent that is what is implied by this paragraph.

## Small Claims Complaint

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Admitted.

{W0331389.1 }

43.     The Defendant admits the identity of the original creditor is not listed in the Complaint.

44.     Denied.

45.     The Defendant admits the Small Claims Summons contains standard, pre-printed information on it, a portion of which is reproduced in the Complaint.

46.     This averment requires the Defendant to admit or deny the expectations of unnamed third parties and therefore the Defendant cannot answer.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## Plaintiff Answers the LVNV Suit

52.     Denied.

53.     Admitted.

54.     Admitted.

55.     Admitted.

56.     Denied.

57.     Denied.

58.     Denied.

## The Judge Sets the LVNV Lawsuit for Trial

59.     Admitted.

60.     The Defendant has insufficient information to admit or deny this averment.

61.     The Defendant has insufficient information to admit or deny this averment.

62.     Denied.

63.     Denied.

## LVNV Loses the Collection Case

64.     Admitted.

65.     Admitted.

## Defendant LVNV Falsey Credit Reports on Plaintiff's Credit

66.     Denied.

67.     Denied.

68.     Denied.

## Remaining Factual Allegations Against Defendant LVNV

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     The Defendant admits counsel for the Plaintiff has sued it before while making these same allegations, but denies such allegations are true.

80.     The Defendant admits counsel for the Plaintiff has sued it before while making these same allegations, but denies such allegations are true.

81.     The Defendant admits counsel for the Plaintiff has sued it before while making these same allegations, but denies such allegations are true.

82.     The Defendant admits entering into consent judgments as settlements to resolve disputed lawsuits.

83.     This averment is argumentative and cannot be admitted or denied.

84.     Denied.

85.     Denied.

86.     This averment is argumentative and cannot be admitted or denied.

87.     Denied.

88.     Denied.

89.     The Defendant denies any illegal or wrongful conduct.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

## Summary

94.     Denied.

95.     Denied.

96.    Denied.

97.    Denied.

98.    Denied.


**Negligent and Wanton Hiring and Supervision**

99.    Denied.

**Causes of Action**

**Count One**
**Violations of the Fair Debt Collection Practices Act**

100.    The Defendant reincorporates its previous answers as if fully set out herein.

101.    Denied.

102.    Denied.


**Count Two**
**Invasion of Privacy**

103.    The Defendant reincorporates its previous answers as if fully set out herein.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    The Defendant denies violating any of Plaintiff's rights.

110.    Denied.

111.    Denied.

112.   Denied.

## **Count Three**
## **Negligent, Wanton and Intentional Hiring and Supervision**

113.   The Defendant reincorporates its previous answers as if fully set out herein.

114.   Denied.

115.   Denied.

116.   Denied.

## **Count Four**
## **Negligent, Wanton and Intentional Conduct**

117.   The Defendant reincorporates its previous answers as if fully set out herein.

118.   The Defendant denies breaching any duty owed to the Plaintiff.

119.   The Defendant denies breaching any duty owed to the Plaintiff.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

## **Count Five**
## **Malicious Prosecution and Abusive Process**

127.   The Defendant reincorporates its previous answers as if fully set out herein.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

## **Prayer for Relief**

The Defendant denies the Plaintiff is entitled to any recovery against it whatsoever and demands strict proof thereof.

## **Affirmative Defenses**

1.     The Defendant pleads the general issue.

2.     The Defendant pleads not guilty.

3.     The Defendant pleads the Complaint fails to state a claim or cause of action upon which relief can be granted.

4.     The Defendant, to avoid waiver, pleads contributory negligence.

5.     The Defendant pleads litigation immunity.

6.     The Defendant pleads the Plaintiff has failed to mitigate damages in accordance with Alabama law.

7.     The Defendant denies the Plaintiff has suffered any actual damages as a result of any act, error, or omission of the Defendant.

8.     The Defendant pleads that any damages the Plaintiff has suffered are the result of the acts, errors, and omissions of third parties over which this Defendant has no control and for which this Defendant is not liable.

9.     The Defendant pleads absolute privilege, qualified privilege, or conditional privilege.

10.    The Defendant pleads the defense of truth.

11.    The Defendant pleads it acted at all times in good faith reliance on the information known to it.

12.    The Defendant pleads that some or all of the claims asserted by the Plaintiff are preempted by Federal law, including the FDCPA and FCRA.

13.    Defendant pleads any award of punitive damages is unwarranted and violative of the due process clauses of the United State and Alabama Constitutions.

14.    Plaintiff cannot recover punitive damages against the Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the United States and Alabama Constitutions unless the Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

15.    To avoid waiver, the Defendant pleads the defense of contributory negligence.

16.     Defendant avers that the imposition of punitive damages in this case without any limitations or guidelines for the jury will violate the Defendant's right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

17.     Defendant avers § 6-11-21 Alabama Code (1975) places a maximum limit of "three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater" on punitive damages recoverable, if at all, by the Plaintiff in this case.

18.     Defendant avers the public policy of the State of Alabama as set forth in § 6-11-21 Alabama Code (1975) established a maximum limited on punitive damages recoverable (if any) by the Plaintiff and that Plaintiff cannot recover more than the limit established by the public policy of this state.

19.     Defendant denies any acts or omission which gives rise to Plaintiff's recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than the amount allowable under Alabama Code § 6-11-21, it is void as the proximate result of § 6-11-21 of the Alabama Code (1975).

20.     As discovery is ongoing, the Defendant reserves the right to assert additional affirmative defenses as they may become known.

Respectfully Submitted,

 /s/ Neal D. Moore, III
Neal D. Moore, III
*Attorney for LVNV Funding, LLC*

{W0331389.1 }

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243

## CERTIFICATE OF SERVICE

This is to certify that on this the 7th day of September, 2012, a copy of the foregoing document has been served upon counsel for all parties to this proceeding via electronic filing:

John Watts
Watts & Herring
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
*Counsel for Plaintiff*

/s/ Neal D. Moore, III
OF COUNSEL

{W0331389.1 }